**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**RANDALL SCOTT MICHAEL,**

        **Petitioner,**

    v.                              **CIVIL ACTION NO. 1:15-cv-62
(Judge Keeley)**

**CHARLES WILLIAMS, Warden,**

        **Respondent.**

## AMENDED REPORT AND RECOMMENDATION[1]

### I.    INTRODUCTION

On April 8, 2015, Petitioner, proceeding *pro se,* filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order to compel the Bureau of Prisons ("BOP") to recalculate his sentence to credit him for the time he alleges he was held on a federal detainer (hereinafter "Petition"). ECF No. 1. On April 28, 2015, Petitioner filed his Petition on a court-approved form. ECF No. 6. By Order entered on April 30, 2015, this Court directed the Respondent to show cause why the petition should not be granted. ECF No. 10. On May 21, 2015, Respondent filed a Motion and Memorandum in Support of Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. ECF Nos. 12, 13. On May 27, 2015, a *Roseboro* Notice was issued. ECF No. 14. On June 15, 2015, Petitioner filed a Motion and Memorandum of Law in Support of Petitioner's Motion Opposing Respondent's Motion to Dismiss or for Summary Judgment. ECF Nos. 16, 17.

---

[1] The sole purpose of this Amended Report and Recommendation is to include a recommendation with respect to Petitioner's Motion for proper time credits, which simply elaborated on his Petition. In all other respects, this document it is identical to the Report and Recommendation entered on July 29, 2015.

1

## II. FACTS

*A. Conviction and Sentence*

On July 8, 2009, Petitioner was released on parole by the state after serving a one to ten year West Virginia state term of imprisonment for Forgery, Uttering and Fraudulent Schemes. ECF No. 13. On July 13, 2013, Petitioner's parole was revoked for several violations, including a March 27, 2013 felony charge for Fraudulent Schemes in Monongalia County, West Virginia. Petitioner was taken back into state custody. ECF No. 13-2.

On March 17, 2014, Petitioner was borrowed by federal authorities pursuant to a federal writ for prosecution and sentenced by United States District Judge Irene M. Keeley, Case No. 1:08-cr-60, to a twenty-four month term of confinement for a supervised release violation. Judge Keeley ordered his sentence to run consecutive to Petitioner's state sentence. Thereafter, Petitioner was returned to the state via return writ the same day. ECF No. 13-4.

On June 8, 2014, Petitioner was discharged from his state parole violation sentence. ECF No. 13-5. Petitioner remained in state custody pending sentencing in the Circuit Court of Monongalia County, West Virginia, Case No. 13-F-283. Further, on July 8, 2014, Petitioner was sentenced in Case No. 13-F-283 to a one to three year term of imprisonment. ECF No. 13-6. The state court ordered that the sentence be deemed to have commenced on May 10, 2013, and ordered that the sentence run concurrent with Petitioner's federal sentence. Id. Petitioner's release date for Case No. 13-F-283 was calculated as November 8, 2014. ECF No. 13-7. However, the Honorable Russell M. Clawges, Jr., Circuit Court Judge, (Judge Clawges) remanded Petitioner to the

Department of Corrections, Petitioner was placed in a state facility pending transfer to a federal facility to begin service of his federal sentence.

Petitioner was transferred by the state to federal authorities for service of his federal sentence on August 5, 2014. ECF No. 13 at 3. Petitioner's federal sentence commenced on August 5, 2014, the date he was taken into USMS custody for purposes of serving his federal sentence. Petitioner's current projected release date is May 2, 2016. ECF No. 13-8.

B. *Federal Habeas*

### 1. Petitioner's Motion

In his Petition, Petitioner asks the Court to order the BOP to credit Petitioner for time served. ECF No. 1. Specifically, Petitioner alleges he spent fifty-nine days, June 8, 2014 to August 5, 2014, in the West Virginia Regional Jail system on a federal detainer. Id. However, Petitioner claims he has not been credited for that time served. Id. For relief, Petitioner seeks an Order directing the Bureau of Prisons to credit him with the appropriate jail time. Id.

### 2. Government's Response

In its Response, the Government assets three arguments. ECF No. 13. First, the Government alleges Petitioner's sentence did not commence until August 5, 2014. Id. Specifically, the Government asserts, "[A] state does not lose primary jurisdiction when federal authorities borrow an inmate pursuant to a writ for prosecution. Thus, the state continued to retain its primary jurisdiction over Petitioner until August 5, 2014, when Petitioner was released from his state sentence to federal authorities for service of his federal sentence." Id.

3

Second, the Government claims a *nunc pro tunc* designation was denied for Petitioner. Id. The Government alleges, under certain circumstances, a *nunc pro tunc* designation may be made, where a sentence may commence prior to the defendant's transfer to the USMS for service of his federal sentence. Id. However, the Government claims, in Petitioner's case, the BOP determined such a designation was not warranted. Id. Therefore, Petitioner's federal sentence appropriately commenced on August 5, 2014. Id.

Finally, the Government contends Petitioner is not entitled to prior custody credit. Id. Specifically, the Government claims the time Petitioner spent in custody prior to the date his federal sentence commenced was credited against his state sentences, including the fifty-nine days Petitioner specifically requests as prior custody credit. Id. Petitioner is not entitled to receive double credit for his detention time. Id. Therefore, Petitioner is not entitled to prior custody credit. Id.

**3. Petitioner's Reply**

In his Reply, Petitioner maintains he is entitled to fifty-nine days of prior custody credit because "all of those days were under a federal detainer and only a federal detainer." ECF No. 17. Petitioner alleges, "Petitioner's federal sentence should have commenced on June 8, 2014, the day he was released by the state to the West Virginia regional jail on a federal detainer, not state custody, as state bond had been posted on pending state charge." Id. Petitioner contends the Respondent failed to show Petitioner "did in fact post a bond in Monongalia County, West Virginia, for a felony charge for fraudulent schemes, case no. 13-F283 on March 2, 2013, and by doing so, the state primary jurisdiction was relinquished and the only jurisdiction legally holding him was

the federal detainer for the full [fifty-nine] days in question, by way of this petitioners motion for credit due." Id.

### III.   ANALYSIS

In general, a federal sentence commences "on the date defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) (a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of

5

section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, Petitioner's state sentence, Case No. 13-F-283, was ordered to be run concurrently to his federal sentence. However, in the Order, Judge Clawges remanded Petitioner to state custody. Thus, Petitioner remained in state custody from June 8, 2014 until August 5, 2014 when he was transferred to a federal facility to begin

6

serving his federal sentence. Therefore, Petitioner's sentence commenced on August 5, 2014 when the Attorney General gained physical custody of the Petitioner.

In early 2015, Petitioner requested a *nunc pro tunc* designation. However, on April 1, 2015, the BOP, under its broad authority, denied Petitioner's request for such designation. Therefore, the fifty-nine day time period, between June 8, 2014 and August 5, 2014, was credited to Petitioner's state sentence, Case No. 13-F-283. Because Petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 Petition [ECF No. 1], Petitioner's Motion for proper time credits [ECF No. 4} and Petitioner's Motion Opposing Respondent's Motion [ECF No. 16] be **DENIED and DISMISSED** and Respondent's Motion [ECF No. 12] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: 7-30-2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE