IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL SCOTT MICHAEL,**

    **Petitioner,**

v.     //     CIVIL ACTION NO. 1:15CV62
                    (Judge Keeley)

**CHARLES WILLIAMS,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION [DKT. NO. 20]

Pending before the Court is the Amended Report and Recommendation ("R&R") (dkt. no. 20) of the Honorable Robert W. Trumble, United States Magistrate Judge, regarding a petition pursuant to 28 U.S.C. § 2241 filed by Randall Scott Michael ("Michael") (dkt. no. 1). In addition, the R&R addressed Michael's later filed motion for proper time credits (dkt. no. 4),[1] and the respondent's motion to dismiss or for summary judgment (dkt. no. 12). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the motion to dismiss or for summary judgement, **DENIES** the petition, and **DISMISSES** this case **WITH PREJUDICE**.

### I. BACKGROUND

This case involves a quagmire of dates that results from Michael's overlapping criminal sentences in both state and federal court, his plea and sentencing hearings, his violations of state

---

[1]As noted in Magistrate Judge Trumble's R&R, Michael's motion for proper time credits was essentially a duplicate of his petition.

parole and federal supervised release, and his custody transfers. In an effort to clarify that quagmire, the Court provides the following timeline of relevant dates and events in Michael's history:

- July 7, 2009      This Court sentenced Michael to twenty-four (24) months of incarceration, followed by three (3) years of supervised release, for mail fraud;[2]

- July 8, 2009      The West Virginia Department of Corrections ("WVDOC") released him on state parole after he finished serving a 1-10 year term of imprisonment for forgery, uttering, and fraudulent schemes;

- March 2, 2013     Michael was arrested on a new state felony charge of fraudulent schemes in Monongalia County, West Virginia (13-F-283). Notably, he posted bond and was released;

- April 8, 2013     The State detained him at the North Central Regional Jail ("NCRJ") for violating his state parole, following his arrest on the new felony charge in Monongalia County;

- June 13, 2013     The State revoked his parole and remanded him to custody;

- January 24, 2014  Michael pleaded guilty to his new felony charge in Monongalia County. His sentencing was scheduled for July 8, 2014;

- March 17, 2014    The United States Marshal Service ("USMS") borrowed Michael pursuant to a federal writ of

---

[2]Michael's criminal case can be found at 1:08-cr-60. He completed this sentence and began his supervised release on June 2, 2011.

|                    | habeas corpus ad prosequendum for a final revocation hearing before this Court. He received a 24-month sentence of incarceration for violating the terms of his supervised release, which sentence was ordered to run consecutively to his state sentence. The USMS returned him to state custody that same day; |
|---|---|
| • June 8, 2014     | After completing his sentence on his state parole violation, the State of West Virginia discharged Michael from that sentence, but retained custody of him pending sentencing on his new felony charge in Monongalia County, to which he earlier had pleaded guilty on January 24, 2014; |
| • July 8, 2014     | The Circuit Court of Monongalia County sentenced Michael to a 1-3 year term of imprisonment for his new felony conviction, ordered that it retroactively commence on May 10, 2013, and should run concurrently with his federal sentence. The circuit court calculated Michael's release date as November 8, 2014; and |
| • August 5, 2014   | After the State relinquished custody of Michael, the USMS received him into federal custody to begin serving his federal sentence. |

Michael filed the instant petition pursuant to 28 U.S.C. § 2241 on April 8, 2015, claiming that he had not received proper credit for time he spent in the West Virginia regional jail system between June 8, 2014, when he discharged his parole violation

sentence, until August 5, 2014, a total of fifty-nine (59) days. He claims that this time was spent solely on a federal detainer.[3]

On April 8, 2015, Michael filed a "Motion for Proper Time Credits," claiming that the Bureau of Prisons ("BOP") had miscalculated his sentence computation (dkt. no. 4). While reiterating the allegations in his § 2241 petition, this motion omits the fact that, at the time he was discharged from his parole violation sentence, he was in state custody awaiting sentencing in the Circuit Court of Monongalia County on his new felony charge. Id.

Magistrate Judge Trumble recommended that the Court deny Michael's § 2241 petition (dkt. no. 1), deny his motion for proper time credits (dkt. no. 4), and grant respondent William's motion to dismiss or for summary judgment (dkt. no. 12). Michael objected to these recommendations, and also sought an order to compel the BOP to recalculate his sentence in order to credit him for the fifty-nine (59) days to which he asserts he is entitled (dkt. no. 23).

---

[3] Specifically, Michael alleges that after he was released from his parole violation sentence on June 8, 2014, he should not have been detained pending his state sentencing for the new charges in Monongalia County because he had posted bond on the new charge. Therefore, according to Michael, the only reason he could have been detained must have been pursuant to a federal detainer.

**MEMORANDUM OPINION AND ORDER ADOPTING AMENDED
REPORT AND RECOMMENDATION [DKT. NO. 20]**

Michael is currently serving the remainder of his federal sentence at a halfway house located in Morgantown, West Virginia, and his expected release date is May 2, 2016. (Dkt. No. 26; Dkt. No. 13-8).

## II. STANDARD OF REVIEW

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at

5

474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

Absent specific objections, the Court only reviews the magistrate judge's conclusions for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 414 F.3d 310, 315 (4th Cir. 2005). Such failure also constitutes a waiver by the petitioner of any appellate review of the factual and legal conclusions. See Alvarez v. O'Brien, 2013 WL 3812088 at *1 (N.D. W.Va. July 22, 2103) (citing United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984)).

### III. DISCUSSION

Michael's objection amounts to no more than a simple reiteration of the same claims contained in his original petition, including the attachment of several identical supporting documents. In conclusory fashion, Michael claims that he is entitled to the relief sought, without making any reference whatsoever to the R&R. Indeed, Michael's objections failed to refer to any specific error by the magistrate judge; instead, they are general and conclusory, and thus do not warrant de novo review by this Court. McPherson, 605 F.Supp.2d at 749.

**MEMORANDUM OPINION AND ORDER ADOPTING AMENDED
REPORT AND RECOMMENDATION [DKT. NO. 20]**

**A.   Applicable Law**

The Attorney General of the United States, acting through the BOP, maintains the authority to calculate a prisoner's period of incarceration pursuant to a federal sentence, including credit for time served. See U.S. v. Stroud, 584 Fed. Appx. 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). A federal prisoner's sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. 3585(a) (emphasis added); see also Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992) (applying earlier verison of statute with similar language).

Under 18 U.S.C. § 3585(b)(2), a prisoner may receive credit "for any time [he] has spent in official detention prior to the date the sentence commences ... as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed ... that has not been credited against another sentence." Thus, any time credited against a prisoner's state sentence is precluded from applying to his federal sentence. See U.S. v. Preacher, 626 Fed. Appx. 420, 421

(4th Cir. 2015) (citing 18 U.S.C. § 3585(b)(2)); <u>Nieves v. Scism</u>, 527 Fed. Appx. 139, 141 (3rd Cir. 2013).

Under the Interstate Agreement on Detainers Act, 18 U.S.C.A. App. 2 § 2, a state or the federal government may place a detainer on an individual, which is a legal request "that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent." <u>New York v. Hill</u>, 528 U.S. 110, 112 (2000); <u>see also</u> <u>U.S. v. Jones</u>, 367 Fed. Appx. 482, 483 (4th Cir. 2010). Notably, placement of a federal detainer does not constitute a transfer of custody from state to federal authority, rather, it simply puts the state penal institution on notice that the prisoner is wanted in a federal jurisdiction upon his release. <u>See</u> <u>Whalen</u>, 962 F.2d at 360-61; <u>Stewart v. Bailey</u>, 7 F.3d 384, 389 (4th cir. 1993).

Finally, a state does not relinquish its custody when a prisoner is borrowed by a federal court pursuant to a writ of habeas corpus ad prosequendum. <u>See</u> <u>Brewer v. Warden</u>, 2013 WL 1896176 (S.D. W.Va. Apr. 12, 2013) (citing <u>United States v. Evans</u>, 159 F.3d 908, 912 (4th Cir.1998)). Upon satisfaction of a writ of habeas corpus ad prosequendum, "the receiving sovereign return[s] the prisoner to the sending sovereign." <u>Evans</u>, 159 F.3d at 912.

**B.   Legal Analysis**

The confusion underlying Michael's claim stems from his lack of understanding of the method by which the BOP calculates the time served against any imposed sentence, as well as the way detainers affect custody. Michael's misconception begins with the fact that he was in state custody during the time in question, and the mere placement of a federal detainer did not automatically alter that status.

On March 17, 2014, after this Court borrowed Michael from state custody via a writ of habeas corpus ad prosequendum to appear at his revocation hearing, he was returned immediately to the custody of the State of West Virginia. Thus, the State always retained custody of Michael. See Brewer, 2013 WL 1896176 at 4. Subsequently, when Michael concluded his sentence for his parole violation on June 8, 2014, West Virginia continued to retain custody of him pending his sentencing on the new felony charge pending in the Circuit Court of Monongalia County. It was incumbent on state authorities to notify the USMS when Michael was available to transfer into federal custody. The critical fact here is that West Virginia did not relinquish custody of Michael until August 5, 2015.

Michael, however, contends that he previously had posted bond on his new felony charge on March 2, 2013, and therefore should have been released, pending sentencing, on July 8, 2014. Whether the State would have revoked his bond at that point (he had pleaded guilty to a felony), or allowed him to remain free pending sentencing, is irrelevant to the issue; even if true, Michael's only possible recourse was through the State of West Virginia, which maintained custody over him throughout the pendency of his parole violation case. See Nieves, 527 Fed. Appx. at 141.

The bottom line here is that federal authorities never took custody of Michael until August 5, 2014, after the State of West Virginia relinquished its custody over him.[4] It is only from that date forward that the BOP can credit him for time on the sentence this Court imposed on March 17, 2014. In summary, the time Michael spent from June 8 until August 5, 2014, was applied towards Michael's state sentence on his new felony conviction. Both of

---

[4] Michael's state sentence on his new felony charge from Monongalia County was to run concurrently with his federal sentence, which it did, in part, because he was not scheduled to be released from that state sentence until November 8, 2014. Thus, he received concurrent credit on his state sentence from August 5, 2014, when he was received into federal custody, through November 8, 2014, when his state sentence ended. None of this alters the fact that he was not received into federal custody until August 5, 2014.

these facts militate against awarding any credit towards his federal sentence. Accordingly, based on the foregoing reasons, and finding no clear error, the Court **ADOPTS** the R&R in its entirety.

### III. CONCLUSION

For the reasons discussed, the Court:

1. **ADOPTS** the Amended Report and Recommendation in its entirety (dkt. no. 20);

2. **DENIES** Michael's petition (dkt. no. 1);

3. **DENIES** Michael's motion for proper time credits (dkt. no. 4);

4. **GRANTS** respondent's motion to dismiss or for summary judgment (dkt. no. 12);

5. **ORDERS** that this case be **DISMISSED WITH PREJUDICE**; and

6. **DIRECTS** the Clerk to **STRIKE** this case from its active docket. Should the petitioner desire to appeal from the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER ADOPTING AMENDED
REPORT AND RECOMMENDATION [DKT. NO. 20]**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: March 31, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE